UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAPITAL SOLUTIONS BANCORP LLC,

    Plaintiff,

v.                                            Case No:   2:15-cv-488-FtM-38MRM

MILLERCOORS LLC,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Capital Solutions Bancorp, LLC's Motion for Partial Summary Judgment as to Count I of Plaintiff's Complaint (Doc. #69) filed on June 23, 2016.  Defendant MillerCoors LLC filed a Response to Plaintiff's Motion (Doc. #74) on July 14, 2016.  Plaintiff's motion is ripe for review.

## BACKGROUND

Plaintiff is the assignee of Denver Cleaning, Inc.'s ("Denver")[2] accounts receivable. Plaintiff has filed this action, in part, to recover money that Defendant wrongfully paid to Denver for cleaning services provided.  At issue in this motion is $108,588.75 that Defendant paid directly to Denver on March 30, 2015 for outstanding invoices (hereinafter

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] At the outset of this suit, Plaintiff also named as defendants Denver Cleaning Services, Inc. ("Denver") and Carlos Castillos, the Vice President of Denver.  (Doc. #1).  Since then, Plaintiff, Denver, and Castillos settled all claims, counterclaims, and third party claims between them.  (Doc. #46; Doc. #47).  Denver and MillerCoors still have pending cross claims but they are not at issue here.  (Doc. #9; Doc. #21).

the "March Payment"). Plaintiff takes issue with the March Payment because it had previously notified Defendant of the assignment and of its obligation to pay Plaintiff for all invoices. (Doc. #69 at 2, ¶ 4; Doc. #69-5). Consequently, Plaintiff argues that it is entitled to the March Payment as a matter of law.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure governs a motion for summary judgment. Under that rule, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely in dispute "if the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences, in a light most favorable to the nonmoving party. *See id.* at 255; *Tana v. Dantanna's*, 611 F.3d 767, 772 (11th Cir. 2010).

The party moving for summary judgment bears the initial burden of showing that there is no genuine dispute of material fact to be decided on any essential element of the claim in issue, and the failure to meet this burden warrants denial of the motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party meets this burden, the opposing party must show that there is a material dispute of fact for trial. *See id.* at 324; *Anderson*, 477 U.S. at 250. In rebuttal, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

**DISCUSSION**

As stated, Plaintiff argues that it is entitled to the March Payment because (a) Plaintiff is the assignee of Denver's accounts receivable; (b) Defendant had received notice of the assignment prior to making the March Payment; and (c) Plaintiff suffered damages because Defendant sent the March Payment to Denver. (Doc. #69 at 3-5). Defendant concedes the forgoing. But Defendant argues that it did not receive notice of assignment on or prior to March 2, 2015, as Plaintiff suggests. (Doc. #74 at 4). In deciding Plaintiff's motion, therefore, Defendant requests that the Court not make any determination as to the specific effective date of the notice of assignment. (Doc. #74 at 4-6).

Based on the foregoing, the Court will grant Plaintiff's partial motion for summary judgment. The record is clear that Denver assigned Plaintiff the right to receive payment for accounts receivable from Defendant. And it is undisputed that Defendant received the notice of assignment at some point prior to March 30, 2015, and thus Defendant should have paid Plaintiff. In deciding in Plaintiff's favor, the Court need not decide the effective date of the notice of assignment, for it is undisputed that the notice of assignment occurred prior to the March Payment.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Capital Solutions Bancorp, LLC's Motion for Partial Summary Judgment as to Count I of Plaintiff's Complaint (Doc. #69) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to enter partial judgment in favor of Capital Solutions Bancorp, LLC and against MillerCoors LLC for **$114,962.02 plus interest**.[3]

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of August, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[3] The amount of $114,962.02 reflects the March Payment plus interest as of July 14, 2016, which is the date that Plaintiff filed its partial motion for summary judgment. (Doc. #69 at 3).